CHAD E. NYDEGGER, (BAR #9964); Email:  cnydegger@wnlaw.com
WORKMAN │ NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; MJ PUBLISHING TRUST d/b/a  MIJAC MUSIC; UNDERACHIEVER MUSIC; STILL WORKING FOR THE MAN MUSIC, INC.; TURN ME ON MUSIC; SHOWBILLY MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; BIENSTOCK MARKS LLC AND HAMMERSTEIN MARKS LLC, A PARTNERSHIP d/b/a EDWARD B. MARKS MUSIC COMPANY; RED VINYL MUSIC LLC d/b/a RED VINYL MUSIC; DANNYMYRICK MUSIC; ROUND HILL MUSIC LP d/b/a ROUND HILL WORKS,<br><br>          Plaintiffs,<br><br>     v.<br><br>NEW CASSIDY'S CLUB, INC. d/b/a NEW CASSIDY'S CLUB a/k/a CASSIDY'S CLUB; and VAL G. SPRUELL and LARRY J. HANSEN, each individually,<br><br>          Defendants. | Civil Action No. 2:16-cv-01042-JNP<br><br><br>**COMPLAINT**<br><br>Judge Jill N. Parrish |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on

knowledge as to Plaintiffs; otherwise on information and belief):

## THE PARTIES

1.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

2.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

3.      Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

4.      Plaintiff Underachiever Music is a sole proprietorship owned Bryan Holland.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

5.      Plaintiff Still Working For The Man Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff Turn Me On Music is a sole proprietorship owned by Terry A. McBride. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff Showbilly Music is a sole proprietorship owned by Ronnie Gene Dunn. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.      Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing.  This Plaintiff is the copyright owner of at least one of the songs in this

matter.

9.      Plaintiff Bienstock Marks LLC and Hammerstein Marks LLC is a partnership doing business as Edward B. Marks Music Company.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.     Plaintiff Red Vinyl Music LLC is a limited liability company doing business as Red Vinyl Music.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.     Plaintiff Dannymyrick Music is a sole proprietorship owned by Daniel Wayne Myrick.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.     Plaintiff Round Hill Music LP is a limited partnership doing business as Round Hill Works.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

13.     Defendant New Cassidy's Club, Inc. is a corporation organized and existing under the laws of the state of Utah, which operates, maintains and controls an establishment known as New Cassidy's Club and also known as Cassidy's Club, located at 1350 E Main St, Vernal, Utah 84078, in this district (the "Establishment").

14.     In connection with the operation of the Establishment, Defendant New Cassidy's Club, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15.     Defendant New Cassidy's Club, Inc. has a direct financial interest in the Establishment.

16.     Defendant Val G. Spruell is the President and a director of Defendant New Cassidy's Club, Inc. with responsibility for the operation and management of that corporation and the Establishment.

3

17.    Defendant Val G. Spruell has the right and ability to supervise the activities of Defendant New Cassidy's Club, Inc. and a direct financial interest in that corporation and the Establishment.

18.    Defendant Larry J. Hansen is the Vice President of Defendant New Cassidy's Club, Inc. with responsibility for the operation and management of that corporation and the Establishment.

19.    Defendant Larry J. Hansen has the right and ability to supervise the activities of Defendant New Cassidy's Club, Inc. and a direct financial interest in that corporation and the Establishment.  Defendant New Cassidy's Club, Inc. d/b/a New Cassidy's Club, Val G. Spruell, and Larry J. Hansen are referred to herein collectively as "Defendants."

## JURISDICTION AND VENUE

20.    This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

21.    This Court has general and specific personal jurisdiction over defendant New Cassidy's Club, Inc. d/b/a New Cassidy's Club because it is a Utah corporation and has a principle place of business in Utah, and the acts giving rise to the claims of copyright infringement alleged against New Cassidy's Club, Inc. d/b/a New Cassidy's Club occurred in Vernal, Utah.  This court has general and specific personal jurisdiction over defendants Val G. Spruell and Larry J. Hansen because each of these individuals is a resident of Utah, and the acts giving rise to the claims of copyright infringement alleged against each of them occurred in Vernal, Utah.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## CLAIMS OF COPYRIGHT INFRINGEMENT

22.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21.

23.     Since March 2014, BMI has reached out to Defendants over forty-five (45) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of the BMI Repertoire in the Establishment.

24.     Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

25.     Exhibit A to this Complaint is a schedule (the "Schedule"), which is incorporated herein by reference, that identifies some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the five (5) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date

5

on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

26.     For each work identified on the Schedule, Line 3 names the person(s) who created that musical composition.

27.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

28.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

29.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

30.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright

infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

### PRAYER

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions in the BMI Repertoire, pursuant to 17 U.S.C. § 502;

(II)     Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III)     Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)     Plaintiffs have such other and further relief as is just and equitable.

DATED this 6th day of October, 2016.

WORKMAN NYDEGGER


By  /s/Chad E. Nydegger
        CHAD E. NYDEGGER

Attorney for Plaintiffs